**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2297
_____

FAUSAT OGUNBAYO,
                                          Appellant

v.

HERTZ CORPORATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-04209)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LA R 34.1(a)
September 6, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed September 9, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Fausat Ogunbayo appeals the District Court's orders granting

defendant Hertz Corporation's motion to dismiss as to one of her claims and its motion

1

for summary judgment as to the remainder of her claims. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013) (motion to dismiss); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment). For the reasons set forth below, we will affirm.

Ogunbayo was employed by Hertz at one of its rental facilities for about a decade. In this position, she was a member of the International Brotherhood of Teamsters, Local 641. Toward the end of Ogunbayo's tenure with Hertz, relations between her and the company began to sour, and she wrote several letters to Hertz's CEO complaining that she was being mistreated. Soon thereafter, she met with a member of her union and two Hertz managers, and in violation of Hertz rules, she surreptitiously filmed the meeting. As a consequence, Hertz suspended her for 20 days, and then informed her that she could return to work only after being medically cleared. Hertz later clarified that by "medically cleared" it meant "cleared by a psychologist" — it imposed this requirement, apparently, because while investigating Ogunbayo, it had received reports from her coworkers that she had recently been exhibiting bizarre and disturbing behavior. Hertz scheduled two appointments with a psychologist for Ogunbayo, and after she skipped the first one, it warned her that if she did not attend the second, she would be terminated. Ogunbayo refused to attend the second appointment and, true to its word, Hertz fired her.

2

Ogunbayo then filed a complaint against Hertz. The complaint alleged that Hertz had (1) violated the terms of the collective bargaining agreement (CBA) with Local 641; (2) unlawfully terminated her employment; (3) violated New Jersey's Law Against Discrimination (NJLAD), N.J. Stat. Ann. §§ 10:5–1 to –49, by retaliating against her; and (4) wrongly "condemn[ed]" her by saying that she was unfit to work.[1] Hertz filed a motion to dismiss the NJLAD claim, which the District Court granted. At the conclusion of discovery, Hertz filed a motion for summary judgment as to the remaining claims, which the Court also granted. Ogunbayo then filed a timely notice of appeal to this Court.

We agree with the District Court's disposition of this case. First, the District Court did not err in dismissing Ogunbayo's NJLAD retaliation claim. In support of her retaliation claim, Ogunbayo was required to show that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. As

---

[1] The complaint is oftentimes opaque, and it is not always easy to determine the precise parameters of Ogunbayo's claims. The District Court concluded that Ogunbayo's NJLAD claim was based on a theory of retaliation and that her claim that Hertz violated the CBA concerned both her suspension without pay and her termination. Ogunbayo has not objected to either of these conclusions on appeal, and we will therefore interpret her claims in the same way. Moreover, we have independently scrutinized Ogunbayo's complaint and cannot discern an alternative interpretation that would be more favorable to her. Finally, Ogunbayo did not pursue the "condemnation" claim in her opening brief, and we therefore will not consider it. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

relevant here, the NJLAD protects those who "oppose[] any practices or acts forbidden" by the NJLAD. N.J. Stat. Ann. 10:5–12(d).

Here, Ogunbayo claimed that she engaged in protected activity when she wrote numerous letters of complaint to Hertz management. However, not every complaint or letter entitles its author to protection from retaliation under the NJLAD. See Roa v. Roa, 985 A.2d 1225, 1236 (N.J. 2010). Rather, only challenges to discrimination prohibited by the NJLAD — such as discrimination on the basis of race, age, or gender, N.J. Stat. Ann. § 10:5–12(d) — constitute "protected activity." Ogunbayo's letters complained that she had been unfairly criticized for bringing several tote bags to work, that her supervisor had wrongly reprimanded her in front of a customer, and that Hertz management had disciplined her in violation of the CBA. However, she never mentioned any NJLAD-protected characteristic in her letters, let alone attempted to connect the alleged mistreatment to any such characteristic. Ogunbayo therefore lodged just the sort of "general complaint of unfair treatment" that we have held "does not translate into a charge of illegal . . . discrimination." Barber v. CSX Distrib. Servs., 68 F.3d 694, 701-02 (3d Cir. 1995).[2] Accordingly, the District Court was correct to dismiss this claim.

---

[2] While Ogunbayo did use the word "discrimination" in her letters, this word, alone, was not sufficient to render her letters a form of "protected activity." See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 17 (2d Cir. 2013) ("Although particular words such as 'discrimination' are certainly not required to put an employer on notice of a protected complaint, neither are they sufficient to do so if nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory."). Moreover, given that Ogunbayo attached all of her letters to her

Likewise, we conclude that the District Court properly granted summary judgment to Hertz on Ogunbayo's claims of wrongful discharge and violation of the CBA. These clams arise under section 301 of the Labor Management Relations Act (LMRA), which authorizes suits in district courts for "violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185; see also Hines v. Anchor Motor Freight, 424 U.S. 554, 562 (1976).

Critically, union members are required to exhaust the grievance and arbitration remedies contained in a CBA prior to filing suit under the LMRA. See Anjelino v. N.Y. Times Co., 200 F.3d 73, 99 (3d Cir. 1999). The CBA at issue in this case provides for a four-step grievance process, culminating in arbitration. It is undisputed that Ogunbayo did not utilize the remedies provided for in the CBA before filing her complaint. She contends that she was unable to do so because by the time she received notice that she had been terminated, the CBA's five-day deadline for bringing a grievance had expired. Even accepting the truth of this factual allegation, it provides no excuse for the failure to exhaust — Ogunbayo was required at least to "attempt to initiate arbitration," Seborowski v. Pittsburgh Press Co., 188 F.3d 163, 168 (3d Cir. 1999), and she admittedly did not do so. While there is an exception to the exhaustion requirement where an employee contends that the union failed in its duty of fair representation, Ogunbayo has made no such allegation here. See id. As the District Court held, this failure to exhaust

complaint, we are satisfied that it would have been futile for her to amend her complaint.

5

bars Ogunbayo's claims.  See Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1538 (3d Cir. 1992).

    We will therefore affirm the District Court's judgment.

---

See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).